UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL FRESH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| -versus- | § | |
| | § | FILE NO.: 1:13-cv-02657 |
| DIAMOND DEVELOPMENT & | § | |
| INVESTMENTS, INC., d/b/a/ | § | |
| DIAMOND DAVE'S STEAK- | § | |
| HOUSE, and DAVID ULMER, | § | |
| | § | |
| Defendants | § | |
| | § | |

## MOTION TO DISMISS FOR INSUFFICIENT
## SERVICE OF PROCESS AND LACK OF
## PERSONAL JURISDICTION AND ARGUMENT THEREFOR

Come now Defendants, named above, by and through the undersigned

attorney, appearing specially and without waiving the defenses of

insufficient process or any other defenses available under state and/or

federal law, move the Court, *inter alia*, pursuant to Fed R. Civ. P. 12(b)(5),

to dismiss this action for lack of adequate lawful service upon the

Defendants herein.  As grounds therefor Defendants show to the Court and aver as follows:

1.

No valid personal service or statutorily authorized service of summons and complaint was effected on the Defendants herein.

2.

The mode of service actually employed by Plaintiff was to leave a copy of the Complaints and summons on a porch on the outside of the house wherein Defendant's agent or officer, David Ulmer,  resides without having made any physical, verbal, visual or any other form of personal contact with any awake person at the residence whatsoever.

3.

No person was served with the complaint or made directly aware of the presence of any purported process server on the premises at the time the documents were left on the porch.

ARGUMENT

As demonstrated by the four (4) affidavits attached hereto Defendant's agent/officer, Mr. Ulmer  is a public figure readily available for service of summons.  Plaintiff, as also clearly demonstrated by the affidavits, nonetheless choose to employ the process of serving an inanimate object, a

wooden porch attached to the outside of a dwelling, with complaint and summons herein.  The affidavits further show that Mr. Ulmer had no contact with the purported process server and was not made aware of his/her presence on his property at the time the documents were left on the porch.

THE LAW REQUIRES SOME VESTAGE
OF ACTUAL COMPLIANCE WITH THE CODE AND
A GENUINE ATTEMPT AT PERSONAL SERVICE
WITHIN THE PRESENCE OF AND WITH THE ACTUAL
KNOWLEDGE OF THE PERSON UPON WHOM SERVICE IS BEING
ALLEGEDLY EFFECTUATED

An excellent summary of the requirements of valid service upon a party may be found in the Ninth Circuit opinion entitled DIRECT MAIL SPECIALISTS, INC., v.  ECLAT COMPUTERIZED TECHNOLOGIES, INC., dba Computerized Technology 840 F.2d 685, 10 Fed.R.Serv.3d 802 (CA 9, 1988) as follows:

> . . . References **A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4. Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982). However,** "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984). **Nonetheless, without substantial compliance with Rule 4** "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." **Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986), cert. denied, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).**

Service on a corporation is proper if made pursuant to Fed.R.Civ.P. 4(d)(3) or 4(c)(2)(C)(i). See 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 4.22[1], at 4–185 (2d ed. 1987).

**Rule 4(d)(3) states that service may be made on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."** The appellee, DMS, does not contend that the receptionist precisely filled any of these roles. In fact, the appellant claims that she was not even an employee of Eclat (presumably she was an employee of CT). Several courts and commentators have reflected on what role a person must fill to be able to accept process for a company. Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice. Thus, the service can be made "upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa, 428 F.Supp. 1237, 1251 (S.D.N.Y.1977); Insurance Co. of N. Am. v. S/S "Hellenic Challenger", 88 F.R.D. 545, 547 (S.D.N.Y.1980). Generally, "[t]he determination of whether a given individual is a 'managing or general agent' depends on a factual analysis of that person's authority within the organization." 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 4.22[2], at 4–205 (2d ed. 1987).FN1

FN1. For example, Professor Moore notes that a recipient of process need not even be an employee of a company to

be its managing agent, as long as the person demonstrates apparent authority. 2 J. Moore, J. Lucas, H. Fink & C. Thompson, supra at 4–201–04–202 n. 11.

It is also true that actual receipt of process by the correct person may be a factor in finding process valid when there are other factors that make process fair. Top Form, 428 F.Supp. at 1251; Nichols v. Surgitool, Inc., 419 F.Supp. 58, 63 (W.D.N.Y.1976). For example, in Union Asbestos & Rubber Co. v. Evans Prods. Co., 328 F.2d 949 (7th Cir.1964), service on a secretary was held good but the court noted the extenuating circumstances that the defendant was out of the office 75–80% of the time and that the notice was immediately communicated to the defendant. Id. at 952–53. In Top Form, supra, service on a secretary was also found good but there she "was in practical effect, if not formal title, an assistant manager" of the company; thus she was well enough integrated in the organization to render service on her "fair, reasonable, and just." Id. at 1251.

[5] Headnote Citing References These authorities mark out the path of our analysis. The company was a rather small one by Eclat's own admission. Presumably, the role played by the receptionist was commensurately large in the structure of the company. She appears to have been *689 the only employee in the office when the process server arrived, demonstrating that more than minimal responsibility was assigned to her. With regard to actual notice, we note the uncontroverted affidavit of Mr. Fotheringill, the credit manager of DMS, who stated that Mr. Bujkovsky complained about the service of process the day after it was made. This evidence of actual receipt of process was bolstered by several statements of fact in the appellant's reply brief indicating that Eclat had actual knowledge no later than the day after service of process. Finally, we note that Mr. Bujkovsky, as a lawyer, should have been well aware of the danger of ignoring process and permitting a default judgment to be entered and taken.

For these reasons, we find service of process on the
receptionist in the shared office of Eclat and CT is
sufficient to create personal jurisdiction over Eclat under
Rule 4(d)(3).          (<u>Direct Mail</u> Id. emphasis supplied)

See also Practice Guide: Federal Civil Procedure Before Trial, 5th

Circuit Edition Hon. David Hittner, Hon. William W. Schwarzer, Hon. A.

Wallace Tashima, Atty. James M. Wagstaffe:

> [5:165]**Strict compliance is required with the rules
> governing manner of service. The more liberal rule
> applicable to defects in form of summons (see ¶
> 5:64.1) does not apply to defects in service; nor are
> "equitable" exceptions recognized**. [Mid-Continent
> Wood Products, Inc. v. Harris (7th Cir. 1991) 936 F2d
> 297, **301—strict compliance not excused by findings
> that (1) D had actual notice of lawsuit, (2) actual
> service came "reasonably close" to satisfying Rule 4
> requirements and (3) D's evasive conduct prevented
> service; Albra v. Advan, Inc. (11th Cir. 2007) 490 F3d
> 826, 829—strict compliance required even for pro se
> plaintiffs]**
>
> . . .
>
> [5:174]Personal delivery:By delivering a copy of
> summons and complaint to defendant personally. [FRCP
> 4(e)(2)]
> (1) [5:175]Not through intermediary:**The person
> claiming service by personal delivery must have
> delivered the papers to defendant personally.** Process
> cannot be left with others to deliver to defendant, even if
> they agree to do so. (But such person might be able to
> make proof of service.) [See Conn v. Zakharov (6th Cir.
> 2012) 667 F3d 705, 715–716—certified mailing of
> process to Russian citizen's Ohio house not effective
> personal service where his housekeeper received the
> mailed process at Ohio house when Russian citizen was

not in U.S.; FDIC v. Mt. Vernon Ranch, Inc. (WD MO 1988) 118 FRD 496, 500 (Marshal left summons and complaint with defendant's brother who agreed to give them to defendant)]
[5:175.1–175.4]Reserved.


(2) [5:175.5]Effect of refusal to accept:Where a defendant attempts to avoid service—e.g., by refusing to take the papers—**"it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant."** [Doe v. Qi (ND CA 2004) 349 F.Supp.2d 1258, 1275, fn. 5

(emphasis added)—process server held out copies of papers to defendant at airport screening area and announced what they were, but he turned away and papers fell to the ground; see Errion v. Connell (9th Cir. 1956) 236 F2d 447, 457—service sufficient when sheriff pitched the papers through a hole in defendant's screen door after she spoke with him and ducked behind a door to avoid service]
Even though a defendant refuses physical acceptance of summons, service is complete if the defendant is in close proximity to a process server under such circumstances that a reasonable person would realize that personal service of the summons is being attempted: "A defendant's refusal to open the door does not invalidate plaintiff's service. Personal service need not be face to face or hand to hand." [Ali v. Mid–Atlantic Settlement Services, Inc. (D DC 2006) 233 FRD 32, 36 (emphasis added; internal quotes omitted); see Travelers Cas. & Sur. Co. of America v. Brenneke (9th Cir. 2009) 551 F3d 1132, 1135—service upheld where, after process server announced his identity on intercom, person inside responded, "Oh great," and refused to open door, but was observed watching at window as process server left papers on doorstep]

Federal Civil Procedure Before Trial, 5th Circuit Edition

Counsel has not been able to locate any authority for the proposition that proper service can be effectuated on a Defendant or its Agent without there being some sort of actual interaction and communication between the process server and the person being served. The mere act of leaving some documents on an exterior porch and stealing off without making some sort of actual contact and/or communication does not meet the requirements of the statute and can not form a sufficient basis on which to predicate the jurisdiction of the Court. The flexibility associated with the rule applies to the person who may be served and not to the requirement of actual service being made upon an actual person.

## CONCLUSION

Service was not properly effectuated herein and the Defendant is therefore not subject to the jurisdiction of this Court. The Court is requested to DISMISS this action.

Respectfully submitted this 18th day of November, 2013

JOHNSON & ASSOCIATES, P.C.

s/MICHAEL R. JOHNSON, SR.

5208 Roswell Rd.                    Michael R. Johnson, Sr.
Atlanta, GA  30342                  State Bar of Georgia 395056
Telephone (404) 688-7100            Attorney For Defendants
Facsimile  (678) 254-1792
attorneymichaelrjohnson@yahoo.com

# EXHIBIT 1

COUNTY OF COBB:

STATE OF GEORGIA:

### AFFIDAVIT OF DAVID ULMER

Came before the undersigned attesting officer, authorized by law to administer oaths, DAVID ULMER, who having been placed upon his oath pursuant to law testified and deposed as follows:

1.      My name is David Ulmer.,

2.      I am over the age of twenty-one (21) years and competent in all aspects to make this affidavit.

3.      I reside at 3271 Stoney Acres Drive, Kennesaw, Cobb County, Georgia 30152.

4.      I am the President of the corporation that owns Diamond Dave's Steakhouse and Piano Bar located at 2500 N. Cobb Parkway, Kennesaw, Cobb County, Georgia 30152.

5.      I am at my places of business on a virtually everyday basis and am conspicuous and available to the public.

6.      I am at my home virtually every evening and will answer the doorbell if it rings at a reasonable hour.

7.      I was at my home on Tuesday, October 29, 2013 from the hours of approximately 3:00 a.m. when I returned from work  until after 6:00 p.m.

FURTHER DEPONENT SAYETH NAUGHT.

Sworn to and subscribed
before me this _17_ day
of November, 2013.

_____
DAVID ULMER
Affiant

HAROLD B. GARCIA
NOTARY
EXPIRES
GEORGIA
Jan. 8, 2015
PUBLIC
COBB COUNTY

EXHIBIT 2

COUNTY OF COBB:

STATE OF GEORGIA:

### AFFIDAVIT OF DIANE STASNEY

Came before the undersigned attesting officer, authorized by law to administer oaths, DIANE STASNEY, who having been placed upon her oath pursuant to law testified and deposed as follows:

1.  My name is Diane Stasney.

2.  I am over the age of twenty-one (21) years and competent in all aspects to make this affidavit.

3.  I am a close personal friend of David Ulmer who resides at 3271 Stoney Acres Drive, Kennesaw, Cobb County, Georgia 30152 for three years.  It is not unusual for me to spend evenings at his home and I also regularly spend time at the home during the day doing office work and occasional domestic chores.

4.  I was visiting at Mr. Ulmer's home on Tuesday, October 29, 2013 from the hours of approximately 11:00 a.m. until Mr. Ulmer left some time after 6:00 p.m.

5.  When we left Mr. Ulmer's at approximately 6:00 p.m. on that date we discovered three documents on the front porch.

6.  Those documents were the Complaints and Summons for two civil actions in the Northern District of Georgia.

7.      The door bell was not rung during the time I was visiting, no one knocked on any door and no one called out or attempted to get anyone's attention or enter the home.

8.      I was not personally served with any documents.

9.      I have never known Mr. Ulmer to hide from anybody or anything.

10.      It is not unusual for Mr. Ulmer's car to be in any specific location in his absence as he often rides places with other persons in their automobiles.

11.      Mr. Ulmer is a well known person and any truly diligent person would have no problem encountering him and delivering papers to him personally.

FURTHER DEPONENT SAYETH NAUGHT.

_Diane Stasney_
Diane Stasney
Affiant

Sworn to and subscribed
before me this _17_ day
of November, 2013.

_Harold Garcia_

HAROLD B. GARCIA
NOTARY
EXPIRES
GEORGIA
Jan. 8, 2015
PUBLIC
COBB COUNTY

EXHIBIT 3

COUNTY OF COBB:

STATE OF GEORGIA:

## AFFIDAVIT OF LUANN DEMM

Came before the undersigned attesting officer, authorized by law to administer oaths, LUANN DEMM who, having been placed upon her oath pursuant to law testified and deposed as follows:

1.      My name is Luann Demm.

2.      I am over the age of twenty-one (21) years and competent in all aspects to make this affidavit.

3.      I am the assistant/relief manager of Diamond Dave's Steakhouse and Piano Bar located at 2500 N. Cobb Parkway, Kennesaw, Cobb County, Georgia 30152 and have been so employed for approximately five (5) years.

4.      Mr . Ulmer  visits the business on a virtually everyday basis and personally interacts with me and the other staff members and is generally conspicuous and available to the public.

5.      I have never known Mr. Ulmer to hide from anyone or sneak away to avoid contact with anyone.

FURTHER DEPONENT SAYETH NAUGHT.

Sworn to and subscribed
before me this _17_ day
of November, 2013.

_Harold B. Garcia_

Luann Demm
Affiant

HAROLD B. GARCIA
NOTARY
EXPIRES
GEORGIA
Jan. 8, 2015
PUBLIC
COBB COUNTY

# EXHIBIT 4

COUNTY OF COBB:

STATE OF GEORGIA:

## AFFIDAVIT OF CLARA GAIL CARTER

Came before the undersigned attesting officer, authorized by law to administer oaths, CLARA GAIL CARTER, who having been placed upon her oath pursuant to law testified and deposed as follows:

1.     My name is Clara Gail Carter.

2.     I am over the age of twenty-one (21) years and competent in all aspects to make this affidavit.

3.     I am the general manager of Diamond Dave's Steakhouse and Piano Bar located at 2500 N. Cobb Parkway, Kennesaw, Cobb County, Georgia 30152 and have been so employed for approximately three (3) years.

4.     Mr . Ulmer is my direct supervisor and he visits the business on a virtually everyday basis and is conspicuous and available to the public.

5.     I have never known Mr. Ulmer to hide from anyone or sneak away to avoid contact with anyone.

FURTHER DEPONENT SAYETH NAUGHT.

Sworn to and subscribed
before me this _17_ day
of November, 2013.

*Harold B. Garcia*

Clara Gail Carter
Affiant

HAROLD B. GARCIA
NOTARY
EXPIRES
GEORGIA
Jan. 8, 2015
PUBLIC
COBB COUNTY

CERTIFICATE OF SERVICE

I have this day served a true and complete copy of the above and

foregoing upon all parties via the Court's electronic filing system.

Respectfully submitted this 18th day of November, 2013

JOHNSON & ASSOCIATES, P.C.

s/MICHAEL R. JOHNSON, SR.

5208 Roswell Rd.
Atlanta, GA  30342
Telephone (404) 688-7100
Facsimile  (678) 254-1792
attorneymichaelrjohnson@yahoo.com

Michael R. Johnson, Sr.
State Bar of Georgia 395056
Attorney For Defendants

10