IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL FRESH,

          Plaintiff,

v.

DIAMOND DEVELOPMENT
INVESTMENTS, INC. d/b/a
DIAMOND DAVE'S
STEAKHOUSE, and DAVID
ULMER,

          Defendant.

1:13-cv-2657-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Diamond Development & Investments, Inc. ("Diamond") d/b/a Diamond Dave's Steakhouse's ("Diamond Dave's") and David Ulmer's ("Ulmer") Motion to Strike Amended Complaint [19] ("Motion to Strike"). Also before the Court is Plaintiff Michael Fresh's Motion for Leave to Amend Complaint and Add Defendant [20] ("Motion for Leave").

I.    **BACKGROUND**

On August 9, 2013, Plaintiff filed his Complaint [1] ("Complaint") against Defendants, alleging that Plaintiff was employed by Defendants and Defendants

failed to pay him overtime wages, in violation of Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  Plaintiff alleged that Ulmer is Diamond's CEO and registered agent.

On November 18, 2013, Defendants filed their Motion to Dismiss for Insufficient Service [7] ("Motion to Dismiss"), asserting that Plaintiff failed to serve Defendants via personal service and instead only left a copy of the Complaint outside of Ulmer's residence.  On August 15, 2014, the Court held an evidentiary hearing regarding Defendants' Motion to Dismiss, and concluded that Plaintiff had failed to satisfy his burden to show that there had been effective service of process.  After the evidentiary hearing, Defendants agreed to waive service [14].

On August 20, 2014, Plaintiff filed his First Amended Complaint [15] ("Amended Complaint"), which added Restaurant Development, Inc. ("RDI") as a named defendant, alleging that Ulmer is the CEO of RDI and that Diamond, RDI, and Ulmer employed Plaintiff and that "Diamond Dave's restaurant is either owned by Diamond, RDI or some combination of the two companies."  (Amended Complaint ¶ 25).

On October 15, 2014, Defendants filed their Answer [18] to Plaintiff's original Complaint.  On October 20, 2014, Defendants filed their Motion to Strike, asserting that, because Plaintiff failed to file his Amended Complaint within

twenty-one (21) days after the Motion to Dismiss was served, Plaintiff was required to obtain Defendants' consent or the Court's leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure. (Motion to Strike at 2). Defendants argue that RDI "would be unfairly prejudiced by being forced into this litigation and required to defend against the charges at this late date." (Id.). Plaintiff did not file a direct response in opposition to Defendants' Motion to Strike.

On October 28, 2014, Plaintiff filed his Motion to Amend. Plaintiff acknowledges that Rule 15 of the Federal Rules of Civil Procedure requires him to seek leave to file an amended complaint, and asserts that leave is warranted here. Plaintiff asserts that he seeks to amend his Complaint because he learned that Ulmer's other business, RDI, may have been his actual employer. (Motion to Amend at 3).

Defendants did not file an objection to Plaintiff's Motion to Amend.

**II.   DISCUSSION**

    A.   <u>Legal Standard</u>

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within 21 days of service of the original complaint or within 21 days of the

defendant's filing of a responsive pleading or Rule 12 motion to dismiss.  See Fed. R. Civ. P. 15(a)(1).  Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave."  See Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Absent "undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted."  Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

B.   Analysis

Defendants did not respond to Plaintiff's Motion to Amend.  Under the Court's Local Rules, Plaintiff's Motion to Amend is deemed unopposed. See LR 7.1B, NDGa.  ("Failure to file a response shall indicate that there is no opposition to the motion.").

To the extent that Defendants, based upon their Motion to Strike, assert that RDI would be unfairly prejudiced by being forced into the litigation at this "late date," the Court disagrees.  Plaintiff alleges that Ulmer is the CEO of RDI and that RDI may have been Plaintiff's actual employer, either alone or in addition to Diamond.  Defendants did not dispute this allegation in their Motion to Strike.  The

Court concludes that no prejudice against RDI will result by allowing Plaintiff leave to file his Amended Complaint. Ulmer, the CEO of RDI, has been aware of the allegations against him and Diamond as of August 9, 2013, when Plaintiff filed his original Complaint. To the extent that Plaintiff is correct that RDI was his actual employer, Ulmer was aware that Plaintiff was asserting claims against his employer for the alleged failure to pay him overtime wages, in violation of Section 7 of FLSA. The Court notes also that no discovery has taken place in this case, and thus the prejudicial effect on RDI, if any exists, is minimal. The Court, noting that Defendants did not file an objection to Plaintiff's Motion to Amend, concludes that leave to file the Amended Complaint is justified. See Fed. R. Civ. P. 15(a)(2); Forbus, 30 F.3d at 1405.

Plaintiff argues also that the Amended Complaint should relate back to the date of his Original Complaint under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. Rule 15(c)(1)(C) provides:

> An amendment to a pleading relates back to the date of the original pleading when . . . (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

5

Fed. R. Civ. P. 15(c)(1)(C).  Rule 15(c)(1)(B) provides:

> An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading.

Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff's original Complaint asserted claims for unpaid overtime under FLSA, and Plaintiff's Amended Complaint asserts the exact same FLSA overtime claims.  Plaintiff's Amended Complaint thus asserts claims that "arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  The Court also concludes that RDI received such notice of the action when Ulmer, RDI's CEO and registered agent, was served with the original Complaint such that it will not be prejudiced in defending on the merits," and that RDI, as Plaintiff's alleged employer, "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  The Court thus concludes, in light of the above and Defendants' lack of opposition to the Motion to Amend, that Plaintiff's Amended Complaint relates back to his original Complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint and Add Defendant [20] is **GRANTED**. The Clerk of Court is **DIRECTED** to file, as of the date of this Order, Plaintiff's Amended Complaint [20-1] as a separate entry on the docket in this case. Plaintiff's Amended Complaint relates back to Plaintiff's originally filed Complaint [1].

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Amended Complaint [19] is **DENIED AS MOOT**.[1]

**SO ORDERED** this 9th day of March, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Having granted Plaintiff's unopposed Motion for Leave and directing the Clerk of Court to file the Amended Complaint as of the date of this Order, Defendants' Motion to Strike is moot.