IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHEAL FRESH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION FILE |
| ) | NO.: 1:13-cv-2657-WSD |
| DIAMOND DEVELOPMENT & ) | |
| INVESTMENTS INC., ) | |
| RESTAURANT DEVELOPMENT ) | |
| INC., and DAVID ULMER, ) | |
| ) | |
| Defendants. ) | JURY TRIAL REQUESTED |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.     Description of Case**

*(a)     Describe briefly the nature of this action.*

Plaintiff claims that while employed by Defendants, he was not paid overtime as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Defendants deny all of Plaintiff's claims.

*(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

Plaintiff was hired by Defendants to work as a part-time cook at Diamond Dave's restaurant in 2010. On or around April 10, 2012, Plaintiff became a full time employee. Between April 10, 2012 and April 16, 2013, Plaintiff claims he worked approximately 60 hours per week, Tuesday through Saturday from 3pm

until 3am, and was paid $600 per week salary. Plaintiff was responsible for cooking, cleaning and prep work. From April 10, 2012 through April 16, 2013, Plaintiff's regular rate was $15 per hour ($600/week divided by 40 hours). Plaintiff claims he should have been paid $22.50 ($15 x 1.5) in overtime pay for each hour over 40 worked in a workweek in addition to his salary. Defendants did not pay Plaintiff any overtime wages. Defendants deny that Plaintiff worked any overtime hours, or if Plaintiff did work any overtime hours, he was not eligible for overtime pay. Defendants deny that Plaintiff was compensated on an hourly basis and claim that Plaintiff worked, by agreement, for a flat salary

*The legal issues to be tried are as follows.*

**All Parties:**

(1)   Whether Defendant Restaurant Development, Inc. is an "employer" as defined by the Fair Labor Standards Act;

(2)   Whether Defendant Diamond Development & Investments, Inc. is an "employer" as defined by the Fair Labor Standards Act;

(3)   Whether Defendant David Ulmer is an "employer" as defined by the Fair Labor Standards Act;

(4)   Whether Plaintiff was non-exempt and entitled to be paid overtime under the FLSA;

  *(5)* Whether any act of Defendants with respect to Plaintiff was "willful" as defined by the Fair Labor Standards Act;

  *(6)* Whether any of Plaintiff's claims are barred by applicable statutes of limitations.

  *(7)* Whether Plaintiff is entitled to recover attorney's fees and costs from Defendants under the FLSA.

 **Defendants:**

  *(8)* Whether Plaintiff was an hourly wage employee or was compensated on a flat salary basis

(d) The cases listed below (include both style and action number) are:

  (1) *Pending Related Cases:*  None.

  (2) *Previously Adjudicated Related Cases:*  None.

**2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):**

 \_\_\_\_ (1) Unusually large number of parties
 \_\_\_\_ (2) Unusually large number of claims and defenses
 \_\_\_\_ (3) Factual issues are exceptionally complex
 \_\_\_\_ (4) Greater than normal volume of evidence
 \_\_\_\_ (5) Extended discovery period is needed
 \_\_\_\_ (6) Problems locating or preserving evidence
 \_\_\_\_ (7) Pending parallel investigations or action by government
 \_\_\_\_ (8) Multiple use of experts

____ (9) Need for discovery outside United States boundaries

____ (10) Existence of highly technical issues and proof

____ (11) Unusually complex discovery of electronically stored information

**3.   Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

*Plaintiff:*

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, Georgia 30022
Tel: (678) 242-5297
Fax: (678) 242-5201
paul@sharman-law.com

*Defendants:*

Michael R. Johnson, Sr.
Johnson & Associates, P.C.
340 West Peachtree Street
Atlanta, GA 30308
(404) 688-7100
joabblues@yahoo.com
attorneymichaelrjohnson@yahoo.com

**4.   Jurisdiction:**

*Is there any question regarding this Court's jurisdiction?*

____ Yes        __X__ No

*If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss*

4

*separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

    5. **Parties to This Action:**

(a) *The following persons are necessary parties who have not been joined:* None at this time.

(b) *The following persons are improperly joined as parties:* Defendants contest the inclusion of Diamond Development & Investments, Inc. as a party to this case. Plaintiff refers to the Court to the pleadings with respect to this issue.

(c) *The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:* None.

(d) *The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

    6. **Amendments to the Pleadings**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.*

(a) *List separately any amendments to the pleadings which the parties anticipate will be necessary:* None at this time.

*(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**7.     Filing Times for Motions:**

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).*

*(a)     Motions to Compel:  before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.*

*(b)     Summary Judgment Motions:  within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.*

*(c)     Other Limited Motions:  refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

(d) **Motions Objecting to Expert Testimony:** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party. The parties do not currently request a Rule 16 management conference.

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-month discovery period, and (c) eight (8)-month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to

*which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

Per this Court's Order of March 11, 2015, all discovery shall be completed on or before May 15, 2015.

*Please state below the subjects on which discovery may be needed:*

The parties anticipate that discovery will be needed on the substantive allegations in Plaintiff's Complaint, the damages sought by Plaintiff and the nature of Plaintiff's compensation agreement.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:* No such reasons are known at this time and according to the Court's Order of March 11, 2015, no such extensions will be granted.

**11.   Discovery Limitation:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitation should be imposed?

None.

(b)   Is any party seeking discovery of electronically stored information?

_____ *Yes*       __X_ *No*

(1) *The parties have agreed not to engage in electronic discovery and that all documents shall be produced as paper copies.*

**12.   Other Orders:**

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?* None at this time.

**13.   Settlement Potential:**

(a) *Lead counsel for the parties certify by their signatures below that they met and conducted a Rule 26(f) conference by phone that was held on* March 17, 2015, *and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*

For Plaintiff:   Lead counsel (signature): /s/ *Paul J. Sharman*

   Other participants:

For Defendant:   Lead counsel (signature): /s/*Michael R. Johnson, Sr.*

   Other participants:

(b) *All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:*

( )      A possibility of settlement before discovery.

( X )      A possibility of settlement after some discovery.

9

( )   A possibility of settlement, but a conference with the judge is needed.

( )   No possibility of settlement.

(c)   Counsel ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)   The following specific problems have created a hindrance to settlement of this case:  None.

**14. Trial by Magistrate Judge:**

(a)   The parties ( ) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction to a United States Magistrate Judge has been submitted to the Clerk of this Court this 18th day of March, 2015.

(b)   The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

This 18th day of March, 2015.

Respectfully submitted,

By: /s/ Paul J. Sharman                              By: /s/
Paul J. Sharman                                          Michael W. Johnson, Sr., Esq.
Georgia Bar No. 227207                          Georgia Bar No.: 395056
paul@sharman-law.com                          attorneymichaelrjohnson@yahoo.com

The Sharman Law Firm LLC                  Johnson & Associates, P.C.
11175 Cicero Drive, Suite 100                340 West Peachtree Street

| | |
|---|---|
| Alpharetta, Georgia 30022<br>Phone: (678) 242-5297<br>Fax: (678) 242-5297<br><br>*Attorney for Plaintiff* | Atlanta, GA 30308<br>Phone: (404) 688-7100<br><br>*Attorney for Defendants* |

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1B**

I HEREBY CERTIFY that the foregoing was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1B.

>  */s/ Paul J. Sharman*
>  Attorney for Plaintiff

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHEAL FRESH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 1:13-cv-2657-WSD |
| DIAMOND DEVELOPMENT & ) | |
| INVESTMENTS INC., ) | |
| RESTAURANT DEVELOPMENT ) | |
| INC., and DAVID ULMER, ) | |
| ) | |
| Defendants. ) | JURY TRIAL REQUESTED |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day filed the foregoing **Joint Preliminary Report and Discovery Plan** with the Court's CM/ECF electronic filing system, which will automatically generate electronic notice to all counsel of record.

Dated: 18th day of March, 2015.

            */s/ Paul J. Sharman*
            Attorney for Plaintiff