IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHEAL FRESH,

          **Plaintiff,**

    **v.**

DIAMOND DEVELOPMENT &
INVESTMENTS INC., and DAVID
ULMER,

          **Defendants.**

                            **1:13-cv-2657-WSD**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Micheal Fresh's ("Plaintiff")

Motion for Default Judgment [44].[1]

I.    **BACKGROUND**

    A.    <u>Facts</u>

Plaintiff alleges that, in 2010, Defendant Diamond Development &

Investments Inc. ("Diamond Development") hired him as a "part-time Cook."

(Am. Compl. ¶ 24). On or around April 10, 2012, Plaintiff became a full-time

cook employee. (<u>Id.</u>). Plaintiff "generally worked alone in the kitchen."

---

[1] On March 29, 2016, Defendant David Ulmer filed his Motion for Summary
Judgment [47]. The Court declines to consider that motion until the Court rules on
Plaintiff's Motion for Default Judgment.

(Id. ¶ 27).  His responsibilities included cooking, cleaning and "prep work."  (Id.).
According to Plaintiff, he was not a manager.  (Id. ¶ 27).  Plaintiff asserts that
Defendant David Ulmer ("Ulmer"), Diamond Development's CEO, was in a
"supervisory position over Plaintiff" and "had discretion over Plaintiff's working
hours and overtime compensation."  (Id. ¶¶ 15, 18-19).

Between April 10, 2012, and April 16, 2013, Plaintiff allegedly worked
approximately 60 hours per week, on Tuesday through Saturday, from 3 p.m. until
3 a.m., at a rate of $600 per week.  (Id. ¶ 26).  Plaintiff alleges that his regular rate
of pay was $15 per hour.  (Id. ¶ 29).  Plaintiff asserts that Ulmer and Diamond
Development (together, "Defendants") should have paid him $22.50 ($15 x 1.5) in
overtime wages for each hour he worked in excess of 40 hours per week.
(Id. ¶ 30).  According to Plaintiff, Defendants did not pay him overtime wages
during the April 10, 2012, through April 16, 2013, time period.  (Id. ¶ 33).

B.    Procedural History

On August 9, 2013, Plaintiff filed his Complaint [1] alleging that Defendants
failed to pay him overtime wages in violation of the Fair Labor Standards Act of
1938 ("FLSA"), § 7, 29 U.S.C. § 207.  On March 9, 2015, Plaintiff, with leave
from the Court, amended [22] his Complaint to add a defendant.  That defendant,

Restaurant Development, Inc., was later dismissed from this action because it was not timely served with the Amended Complaint.

On March 10, 2015, the Court ordered [23] the parties to complete discovery on or before May 15, 2015.  Local Rule 16.4 requires the parties in a civil action to file a proposed consolidated pretrial order "no later than thirty (30) days after the close of discovery, or entry of the court's ruling on any pending motions for summary judgment, whichever is later."  LR 16.4(A), NDGa.  Because the parties did not file motions for summary judgment, the parties were required to file their proposed consolidated pretrial order on or before June 15, 2015.

On July 15, 2015, Plaintiff filed his Motion for Leave to File Pre-Trial Order Unilaterally [33] ("Motion for Leave"), asserting that Defendants had been unwilling to participate in preparing a consolidated pretrial order.[2]  Defendants did not respond to the Motion for Leave or file their own pretrial order.

On July 23, 2015, the Court ordered [34] Plaintiff and Defendants to file, on or before July 31, 2015, a proposed consolidated pretrial.  The Court warned Defendants that, if they did not participate in the preparation of the consolidated

---

[2]     Plaintiff appeared to assert that because motions for summary judgment were due on June 15, 2015, and not filed, the consolidated pretrial order was not due until thirty (30) days after that date, on July 15, 2015.

pretrial order, they would be required to show cause why default judgment should not be entered against them.

Defendants did not comply with the Court's July 23, 2015, Order.  On August 5, 2015, the Court ordered [36] Defendants to show cause, in writing, on or before August 14, 2015, why they failed to obey the Court's July 23, 2015, Order and why default judgment should not be entered against them.  The Court ordered Defendants to submit any facts in support of their response in the form of a sworn affidavit, signed under oath, under penalty of perjury.

On August 7, 2015, Defendants filed their Motion for Extension of Time to File Pretrial Order [37] ("Motion for Extension").  Defendants stated that, following an "informal conversation" with Plaintiff's attorney, Ulmer and his attorney believed that Plaintiff would dismiss the case.  Without waiting for Plaintiff to dismiss the case formally, Defendants' attorney marked the case as dismissed and placed the file in storage.  In support of Defendant's Motion for Extension, Defendants' attorney asserted that he was attempting to retrieve the file from storage and needed an additional 20 days to prepare the consolidated pretrial order.  Defendants did not explain why they waited until August 7, 2015, after the Court ordered them to show cause, to seek an extension.  Defendants also did not provide any sworn affidavits to support the alleged discussion between Ulmer and

4

the parties' attorneys regarding the alleged dismissal.  Nonetheless, on August 18, 2015, the Court granted Defendants' Motion for Extension and ordered the parties to file the consolidated pretrial order on or before August 25, 2015.

Defendants did not comply with the Court's August 18, 2015, Order requiring the parties to file the pretrial order on or before August 25, 2015. Defendants also did not seek a further extension of time to file the pretrial order. On September 3, 2015, the Court found [38] that Defendants had failed to comply with the Local Rules and with the Orders of this Court, including the August 18, 2015, Order.  The Court found that Defendants had been given "ample opportunity" to file a consolidated pretrial order and that their "flagrant" failure to do so warranted sanctions.  As a result of Defendants' violations, on September 3, 2015, the Court entered default against Defendants.

About six (6) months later, on March 9, 2016, Plaintiff filed his Motion for Default Judgment [44], seeking entry of judgment against Defendants for $23,850 in unpaid overtime wages, liquidated damages in the same amount, attorney's fees, litigation expenses, and prejudgment interest.  On March 29, 2016, Ulmer, now proceeding *pro se*, filed his Response to Plaintiff's Motion for Default Judgment

5

[46] ("Response").[3]  In it, he asks the Court to deny Plaintiff's motion and to set the entry of default aside.  According to Ulmer, he has a meritorious defense to Plaintiff's claim and his "counsel's incompetence and inaction" is responsible for his failure to comply with the Local Rules and the Court's Orders.  (Response at 2, 4-7).  Diamond Development did not respond to Plaintiff's Motion for Default Judgment.[4]  On March 30, 2016, Plaintiff filed his Reply to Response to Plaintiff's Motion for Default Judgment [48] ("Reply").

## II.   DISCUSSION

### A.   Legal Standard

#### 1.   Entry of Default

Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  This is a "'mutable standard' . . . not susceptible to a precise formula, but some general guidelines are commonly applied."  Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)).  In determining whether good cause exists, courts consider a variety of factors, including "whether

---

[3]   Until filing his Response, Ulmer was represented by counsel in this case.
[4]   Plaintiff's Motion for Default Judgment is thus deemed unopposed as to Diamond Development.  LR 7.1(B), NDGa.

the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id. "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. at 951-52. "The defendant bears the burden of establishing good cause to set aside an entry of default." Insituform Techs., Inc. v. AMerik Supplies, Inc., 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).

> 2.   Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure provides that default judgment may be entered against defaulting defendants as follows:

> (1)  **By the Clerk**.  If the plaintiff's claim is for a sum certain or a sum that can be made certain  by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2)  **By the Court**.  In all other cases, the party must apply to the court for a default judgment. . . .  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

7

"The entry of a default judgment is committed to the discretion of the district court." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2685 (1983)). When considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988). If "the plaintiff has alleged sufficient facts to state a plausible claim for relief," a motion for default judgment is warranted. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Id. at 1245. "While a defaulted defendant is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Cotton, 402 F.3d at 1278 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

8

B.    <u>Analysis</u>

1.    <u>Ulmer's Arguments for Setting Aside the Entry of Default and Denying the Motion for Default Judgment</u>

Ulmer argues that the Motion for Default Judgment should be denied, and the entry of default set aside, because he has a meritorious defense to Plaintiff's FLSA claim.  (Response at 4-5).  Ulmer argues that Plaintiff is an executive and thus exempt from FLSA's overtime provisions.  (<u>Id.</u> at 5-7).

FLSA exempts from its overtime requirements "any employee employed in a bona fide executive, administrative, or professional capacity."  29 U.S.C. § 213(a)(1).  These exemptions are construed narrowly and the employer bears the burden of establishing that they apply.  <u>Watkins v. City of Montgomery, Ala.</u>, 775 F.3d 1280, 1283 (11th Cir. 2014).  An employee is a bona fide executive if (i) he is "[c]ompensated on a salary basis at a rate of not less than $455 per week," (ii) his "primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof," (iii) he "customarily and regularly directs the work of two or more other employees," and (iv) he "has the authority to hire or fire other employees or [his] suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight."  29 C.F.R. § 541.100(a); <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1266 (11th Cir.

9

2008).

Ulmer implies that Plaintiff qualifies as an executive.  (Response at 5-7).  In support of this contention, he quotes 29 C.F.R. § 541.100(a), references two exhibits,[5] and cites Scherer v. Compass Grp. USA, Inc., 340 F. Supp. 2d 942 (W.D. Wis. 2004).  (Response at 5-7).  The Court fails to see, and Ulmer does not explain, how these materials show that Plaintiff qualifies as an executive.  The Court finds that Ulmer does not present a meritorious defense.

Ulmer also argues that the Motion for Default Judgment should be denied, and the entry of default set aside, because his attorney's negligence is responsible for his failure to comply with the Local Rules and the Court's Orders.  (Id. at 2, 4). The Supreme Court has held that "clients must be held accountable for the acts and omissions of their attorneys."  Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 396 (1993).

> [There is] no merit to the contention that dismissal of [a party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. . . .  [The party] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the

---

[5]     These exhibits are an executed copy of Plaintiff's employment contract, dated October 3, 2012, and a discrimination statement signed by Plaintiff on the same date.

acts of his lawyer-agent and is considered to have notice of all facts,
notice of which can be charged upon the attorney.

Id. at 396-97 (quoting Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962)); see
also Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) ("This
Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable
neglect based on claims of attorney error."); Florida Physician's Ins. Co. v. Ehlers,
8 F.3d 780, 784 (11th Cir. 1993) ("[The defendant] had a duty to act with some
diligence to ensure that his attorney was protecting his interests.").  Defendants
here are bound by the acts and omissions of their lawyer.

Defendants did not comply with (i) Local Rule 16.4 that required the parties
to file a proposed consolidated pretrial order on or before June 15, 2015, (ii) the
Court's July 23, 2015, Order that required the parties to file a consolidated pretrial
order on or before July 31, 2015, (iii) the Court's August 5, 2015, Order that
required Defendants to show cause why default judgment should not be entered
against them and that required Defendants to submit any facts in support of their
response in the form of a sworn affidavit, and (iv) the Court's August 18, 2015,
Order that required the parties to file a consolidated pretrial order on or before
August 25, 2015.

The Court "exhibited considerable patience in granting [Defendants] several
extensions" to file a consolidated pretrial order.  Compania Interamericana, 88

F.3d at 952.  "[W]hen a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful." Id.  Considering the record here, the Court concludes that Defendants' default was willful.

Because Defendants willingly defaulted and fail to present a meritorious defense, the Court declines to set the default aside.[6]  For the same reasons, the Court finds that Ulmer's arguments do not foreclose entry of default judgment. The Court now examines whether "[P]laintiff has alleged sufficient facts to state a plausible claim for relief."  Surtain, 789 F.3d at 1246.

### 2.   Plaintiff's FLSA Overtime Claim

FLSA generally requires that employees receive overtime pay at one and a half times their regular rate for all hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).  "FLSA is a remedial statute that 'has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" Prickett v. DeKalb Cty., 349 F.3d 1294, 1296 (11th Cir. 2003) (quoting Johnston v. Spacefone Corp., 706 F.2d 1178, 1182 (11th Cir. 1983)).  "[T]he

---

[6]   The Court notes that Diamond Development has not challenged the entry of default and that Ulmer did so several months after the default was entered.  This weighs against setting aside the entry of default.  See Compania Interamericana, 88 F.3d at 951 (noting that "whether the defaulting party acted promptly to correct the default" is a factor in determining whether to set aside the default).

requirements to state a claim [under FLSA] are quite straightforward," and "overly detailed" allegations are not required.  Sec'y of Labor v. Labbe, 319 F. App'x 761, 763-64 (11th Cir. 2008).

To state a claim for unpaid overtime wages, Plaintiff must allege (i) that he or his employer is "covered" by FLSA, (ii) that Defendants employed him, (iii) that he worked in excess of 40 hours per week, and (iv) that Defendants did not pay him overtime wages.  See James v. Zeeltv LLC, 1:12-cv-2290, 2013 WL 5350879, at *2 (N.D. Ga. Sept. 23, 2013); see also Morgan, 551 F.3d at 1277 n.68 (noting that plaintiff demonstrated a prima facie overtime claim by establishing these elements).  "There is no need to prove intent or causation that might require extensive pleading."  Labbe, 319 F. App'x at 763.  "[T]here is no requirement that the Plaintiff explicitly state the amount of damage."  Mankin v. Hair Therapy for Women, LLC, 8:15-cv-2071-T-33JSS, 2015 WL 5953239, at *2 (M.D. Fla. Oct. 13, 2015) (quoting Ramos v. Aventura Limousine & Transp. Serv., Inc., 12-cv-21693, 2012 WL 3834962, at *2 (S.D. Fla. Sept. 4, 2012)).

An employer is covered by FLSA if it has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business done of at least $500,000." Jones v. Freedom Rain, TLC, 401 F. App'x 409, 411 (11th Cir. 2010);

see 29 U.S.C. §§ 203(b), 203(s)(1)(A), 207(a)(1).  A plaintiff is covered by FLSA if he is "engaged in [interstate] commerce or in the production of goods for [interstate] commerce."  29 U.S.C. §§ 203(b), 207(a)(1); see Thorne v. All Restoration Serv., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).

Plaintiff here alleges that Diamond Development "is a private employer engaged in interstate commerce" and "its gross revenues exceed $500,000 per year."  (Am. Compl. ¶ 14).  This is sufficient to show that Diamond Development is covered by FLSA.  See Dobbins v. Scriptfleet, Inc., 8:11-cv-1923-T-24, 2012 WL 601145, at *2 (M.D. Fla. Feb. 23, 2012) (finding plaintiff's FLSA claim adequately pled where plaintiff alleged that (i) defendant was "engaged in interstate commerce or in the production of goods for commerce," and (ii) "the annual gross sales volume of [defendant] was in excess of $500,000.00 per annum").

Plaintiff alleges that Defendants employed him on a full-time basis from April 10, 2012, through at least April 16, 2013.  (See Am. Compl. ¶¶ 11-12, 24, 26, 29).  Ulmer, the CEO of Diamond Development, "had discretion over Plaintiff's working hours and overtime compensation."  (Id. ¶¶ 15, 18). Ulmer "act[ed] both directly and indirectly in the interest of [Diamond Development] and was in a supervisory position over Plaintiff."  (Id. ¶ 19).  This

adequately alleges that Plaintiff was employed by Diamond Development and Ulmer.  See 29 U.S.C. § 203(d) (providing that an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee").

Plaintiff alleges that, between April 10, 2012 and April 16, 2013, he worked "approximately 60 hours per week, Tuesday through Saturday from 3pm until 3am, and was paid $600 per week."  (Am. Compl. ¶ 26; see also id. ¶¶ 13, 31).  This adequately alleges that Plaintiff worked more than 40 hours per week and thus that Plaintiff worked overtime.

Plaintiff alleges that "Defendants failed to pay [him] any overtime wages between April 10, 2012 and April 16, 2013."  (Id. ¶ 33; see also id. ¶ 13).  In support of this assertion, Plaintiff alleges that he worked approximately 60 hours per week and was paid a fixed salary of $600 per week.  (Id. ¶ 26).  By dividing his weekly salary of $600 by 40 hours, Plaintiff calculates his "regular rate" to be $15 per hour.  (Id. ¶ 29).  He then calculates his overtime rate to be $22.50 per hour, and alleges that Defendants failed to pay him at this rate for the 20 overtime hours that he worked each week.  (Id. ¶ 30-33).  Plaintiff's allegations adequately plead

15

that Defendants did not pay him overtime wages.[7]  Plaintiff's Complaint adequately states an overtime claim under FLSA.

      3.    <u>Damages</u>

An employer that violates FLSA is liable to the employee in the amount of the unpaid overtime wages and in an equal amount as "liquidated damages." 29 U.S.C. § 216(b).  The Court has discretion to reduce or deny liquidated damages if the employer shows (i) that it had "an honest intention to ascertain what [FLSA] requires and to act in accordance with it," and (ii) that it "had reasonable grounds for believing that [its conduct] was not a violation of [FLSA]."  29 U.S.C. § 260; <u>Dybach v. State of Fla. Dep't of Corr.</u>, 942 F.2d 1562, 1566 (11th Cir. 1991) (quoting <u>Brock v. Shirk</u>, 833 F.2d 1326, 1330 (9th Cir. 1987)).  "The

---

[7]    Plaintiff's fixed salary is high enough to include (i) a regular rate, above the federal minimum wage, for his first 40 hours of work in a week; and (ii) an overtime rate, high enough to satisfy FLSA, for his 20 hours of overtime work. However, "a fixed salary will not be deemed to include an overtime component in the absence of an express agreement to that effect."  <u>Marshall v. R & M Erectors, Inc.</u>, 429 F. Supp. 771, 780 (D. Del. 1977); <u>see</u> <u>Wirtz v. Leon's Auto Parts Co.</u>, 406 F.2d 1250, 1252 (5th Cir. 1969) (finding that FLSA requires "an explicit understanding between the parties as to the existence of a regular wage rate that is stepped up for overtime hours"); <u>Amaya v. Superior Tile and Granite Corp.</u>, 2012 WL 130425, at *9 (S.D.N.Y. Jan.17, 2012) ("An agreement for a fixed weekly salary for more than 40 hours of work per week only complies with the FLSA and Labor Law if there is an explicit understanding between the employer and employee as to regular and overtime rates.").  There is no evidence here, in the employment contract or elsewhere, of such an express agreement.

employer bears the burden of establishing both the subjective and objective components of th[is] good faith defense."  Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008).  "[T]he burden is a difficult one, with double damages being the norm and single damages the exception."  Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999).

Under FLSA, a plaintiff's overtime wages and liquidated damages are calculated at a rate of one and a half times the plaintiff's "regular rate." 29 U.S.C. §§ 207(a)(1), 216(b).  "If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate."  29 C.F.R. § 778.113(a); see Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1311 (11th Cir. 2013).

Plaintiff does not allege the number of hours Plaintiff's weekly salary was intended to compensate.  Plaintiff alleges only that he in fact worked 60 hours per week.  See Lamonica, 711 F.3d at 1311 ("[W]here the employee is paid solely on a weekly salary basis, the number of hours the employee's pay is intended to compensate—not necessarily the number of hours he actually works—is the

17

divisor.") (quoting <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d 1259, 1269 (11th Cir. 2008)).[8]

Ulmer's Response includes an executed copy of Plaintiff's employment contract, dated October 3, 2012. (Response at Exhibit B). The contract states that Plaintiff's "weekly salary" was $600 and that he would work at least 59 hours and 10 minutes per week. (<u>Id.</u>).[9] This suggests that, from October 3, 2012, the $600 was intended to compensate Plaintiff for approximately 59 hours of work. But it does not reveal the parties' intent between April 10, 2012 and October 2, 2012. Accordingly, the Court does not have enough information to calculate Plaintiff's overtime rate during the period for which he seeks relief.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Rule 55(b)(2)"), the Court will conduct a hearing to determine the number of hours Plaintiff's weekly salary was intended to compensate. This will allow the Court to

---

[8]     The number of hours actually worked is used to calculate the "regular rate" of pay where the parties have a "clear mutual understanding . . . that the fixed salary is compensation . . . for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period." 29 C.F.R. § 778.114.

[9]     The contract states that Plaintiff "will Report for Work No Later Than 3:15 PM on Tuesday Thru Saturday and May Not Exit The Building Prior to 3:05 AM on those same Nights." (Response at Exhibit B).

calculate the amount of damages owed in this case.[10]  The Court will defer entry of default judgment pending the outcome of the hearing.  See S.E.C. v. Smyth, 420 F.3d 1225, 1231-32 (11th Cir. 2005) ("[I]f an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered."  (quoting Lowe v. McGraw-Hill Cos., 361 F.3d 335, 339-40 (7th Cir. 2004)).[11]

---

[10]     Defendants have not provided the Court with any evidence of their good faith and reasonableness in failing to pay Plaintiff's overtime wages.  In the absence of evidence showing the required good faith and reasonableness, the Court concludes that Plaintiff is entitled to liquidated damages.  See De Leon–Granados v. Eller & Sons Trees, Inc., 581 F. Supp. 2d 1295, 1316 (N.D. Ga. 2008) ("If the employer fails to come forward with plain and substantial evidence to satisfy both the good faith and reasonableness requirements, the court is required to award liquidated damages.").  The liquidated damages amount will be contingent on the results of the Rule 55(b)(2) hearing.

[11]     Diamond Development did not respond to Plaintiff's Motion for Default Judgment and has not complied with several Court orders, including the August 18, 2015, Order requiring the parties to file a consolidated pretrial order. Diamond Development's attorney also requested, but was denied, leave to withdraw from this action.  Diamond Development is not participating in this litigation, is in default, and Plaintiff is entitled to entry of default judgment, the amount of which shall be determined at the Rule 55(b)(2) hearing.  Even if Diamond Development raised the same issues raised by Ulmer in his Response, those arguments would, for the reasons discussed in this Order, be rejected.

4.    Attorney's Fees and Costs

Under FLSA, prevailing plaintiffs must be awarded reasonable attorney's fees.  29 U.S.C. § 216(b); see Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir.1985).  Plaintiff's attorney has submitted an affidavit and related documents in support of his fees and costs through the date the Motion for Default was filed.  ([44.3]-[44.7]).  His testimony is "unrebutted and unchallenged." Zeeltv LLC, 2013 WL 5350879, at *3.  Plaintiff is entitled to $21,367.50 in attorney's fees and $823.80 in litigation costs, as supported by the affidavit.  The Court concludes that Plaintiff should also be permitted, at the Rule 55(b)(2) hearing, to present evidence of his attorney's fees and costs incurred after the date of his Motion for Default Judgment.

**III.    CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that a hearing, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, shall be conducted, on June 13, 2016, at 2:30 p.m., in Courtroom 1705, Richard B. Russell Federal Building and Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.  Plaintiff shall at the hearing present evidence to support his claim for damages, including evidence of the number of hours per week, between April 10, 2012, and October 2, 2012, that

Plaintiff's salary was intended to compensate.  Plaintiff also is allowed at the hearing to present evidence of his attorney's fees and litigation expenses incurred after the filing of his Motion for Default Judgment.


      **SO ORDERED** this 11th day of May, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE