IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHEAL FRESH,

    Plaintiff,

v.                                1:13-cv-2657-WSD

DIAMOND DEVELOPMENT &
INVESTMENTS INC., and DAVID
ULMER,

    Defendants.

## OPINION AND ORDER

This matter is before the Court following the July 6, 2016, evidentiary hearing on Plaintiff Micheal Fresh's ("Plaintiff") Motion for Default Judgment [44].

## I.  BACKGROUND

On August 9, 2013, Plaintiff filed his Complaint [1] alleging that Defendants David Ulmer and Diamond Development & Investments Inc. (collectively, "Defendants") failed to pay him overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), § 7, 29 U.S.C. § 207.  On March 9, 2015, Plaintiff, with leave from the Court, amended [22] his Complaint to add a defendant.  That defendant, Restaurant Development, Inc. ("Restaurant

Development"), was later dismissed from this action because it was not timely served with the Amended Complaint.

On September 3, 2015, the Court found [38] that Defendants had not complied with (1) Local Rule 16.4, (2) the Court's July 23, 2015, Order [34] requiring the parties to file a proposed consolidated pretrial order, (3) the Court's August 5, 2015, Order [36] requiring Defendants to show cause case why default judgment should not be entered against them, (4) and the Court's August 18, 2015, Order again requiring the parties to file a proposed consolidated pretrial order.  The Court found that Defendants had been given "ample opportunity" to file a proposed consolidated pretrial order and that their "flagrant" failure to do so warranted sanctions.  On September 3, 2015, as a result of Defendants' violations, the Court entered default against Defendants.

Six (6) months later, on March 9, 2016, Plaintiff filed his Motion for Default Judgment, seeking entry of judgment against Defendants for $23,850 in unpaid overtime wages, liquidated damages in the same amount, attorneys' fees, litigation expenses, and prejudgment interest.  On March 29, 2016, Defendant David Ulmer ("Ulmer"), now proceeding *pro se*, filed his Response to Plaintiff's Motion for

Default Judgment, requesting that the Court deny Plaintiff's motion and set aside the entry of default.[1]

On March 29, 2016, Ulmer also filed his Motion for Summary Judgment [47], asserting that Plaintiff does not adequately plead that Defendants employed him, that an entity known as Worklife Financial actually employed him, and that Plaintiff was an "administrative employee" and thus exempt from FLSA's overtime requirements. On April 21, 2016, Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment [49], arguing that Ulmer's motion is untimely and fails to comply with the Local Rules of this Court. The Court has not ruled on Ulmer's Motion for Summary Judgment.

On May 11, 2016, the Court considered [50] Plaintiff's Motion for Default Judgment, declined to set aside the entry of default, found that Plaintiff's Amended Complaint states an overtime claim under FLSA, and scheduled an evidentiary hearing to determine the amount of Plaintiff's damages.

On July 1, 2016, Ulmer filed his Motion to Dismiss [51], arguing that Restaurant Development employed Plaintiff and that Restaurant Development was not covered by FLSA during Plaintiff's employment because it did not have an

---

[1] Until filing his Response to Plaintiff's Motion for Default Judgment, Ulmer was represented by counsel in this case.

annual gross volume of sales of at least $500,000.  On July 6, 2016, Defendant Diamond Development & Investments Inc. filed its Motion to Dismiss [52], seeking dismissal on the same grounds.  The Court has not ruled on these motions to dismiss.

On July 6, 2016, the Court held an evidentiary hearing on Plaintiff's Motion for Default Judgment.  Plaintiff testified on the issue of whether he worked for Defendants in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).  Ulmer informed the Court that Defendant Diamond Development & Investments Inc. was a shell corporation, without assets, that no longer exists.  Ulmer also stated that Defendants were not covered by FLSA during Plaintiff's employment because their enterprise did not have annual gross sales of at least $500,000.  Ulmer stated further that Plaintiff worked for a Professional Employer Organization retained by a corporation that Ulmer owned.

## II.  DISCUSSION

"[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."  Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (internal quotation marks omitted)).  If these well-pleaded allegations state a plausible claim for relief, a motion for default judgment is permitted but not

required.  See id. at1244-46; cf. id. at 1244-45 ("Because of our 'strong policy of determining cases on their merits,' . . . default judgments are generally disfavored." (quoting In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003))). "The entry of a default judgment is committed to the discretion of the district court," Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986)), and "the court, in its discretion, may require some proof of the facts that must be established in order to determine liability," 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2688 (3d ed. Apr. 2016 Update).

> [E]ven when the elements for liability are fully-alleged, the court retains discretion to deny entering default judgment, which it may do if it has doubts about the merits of the underlying claim and relief sought.  The court's discretion includes the authority to require the plaintiff, as a condition of granting the default judgment, to proffer evidence to support some or all of the deemed-admitted allegations as the court may consider appropriate.

2 Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary Rule 55 (Feb. 2016 update); see Wooten v. McDonald Transit Associates, Inc., 788 F.3d 490, 496-98 (5th Cir. 2015) (stating that, although plaintiff's allegations were sufficient under the pleading requirements, the district court was permitted to hold a "prove-up hearing" to establish the truth of the allegations by evidence and thus to determine whether default judgment should be granted).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . establish the truth of any allegation by evidence" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2). Thus, "when it seems advantageous, a court may conduct a hearing to determine whether to enter a judgment by default." 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2688 (3d ed. Apr. 2016 update).

In light of the information presented at the July 6, 2016, evidentiary hearing, the Court has questions about the merits of Plaintiff's claim, including (1) whether Plaintiff was employed by Defendants, (2) whether Defendants' enterprise has an annual gross volume of sales not less than $500,000, (3) whether Plaintiff was a non-exempt employee under FLSA, and (4) whether Defendant Diamond Development & Investments Inc. exists as a legal entity. The Court finds that an additional hearing is required for the Court to determine whether there is sufficient proof of Plaintiff's claim and whether it is appropriate to enter default judgment in this case. The Court will conduct this hearing on August 25, 2016, at which Plaintiff is required to present evidence on the following four (4) issues: (1) Did Defendants employ Plaintiff between April 10, 2012 and April 16, 2013? (2) Does Defendants' enterprise have an annual gross volume of sales or business of not less

than $500,000? (3) Was Plaintiff employed in a bona fide executive, administrative or professional capacity? (4) Does Defendant Diamond Development & Investments Inc. exist as a legal entity?

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court will hold a further evidentiary hearing, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, on August 25, 2016, at 1:00 p.m., in Courtroom 1705, Richard B. Russell Federal Building and Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303. At the hearing, Plaintiff Micheal Fresh shall present evidence on the following four (4) issues: (1) Did Defendants employ Plaintiff between April 10, 2012 and April 16, 2013? (2) Does Defendants' enterprise have an annual gross volume of sales or business of not less than $500,000? (3) Was Plaintiff employed in a bona fide executive, administrative or professional capacity? (4) Does Defendant Diamond Development & Investments Inc. exist as a legal entity?[2]

---

[2]  The Court advises Defendant David Ulmer that he may not in his *pro se* capacity represent any corporate defendant in this case. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("[A] corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel. . . . [This] rule applies even where the person seeking to represent the

**SO ORDERED** this 8th day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

corporation is its president and major stockholder."). Mr. Ulmer is further advised to consider retaining counsel to represent him in this action.