IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHEAL FRESH,

        Plaintiff,

v.                                              1:13-cv-2657-WSD

DAVID ULMER,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Diamond Development & Investments Inc.'s ("DDI") Motion to Dismiss [52], and Defendant David Ulmer's ("Ulmer") Motion to Dismiss [51] and Motion for Summary Judgment [47].

**I.   BACKGROUND**

On August 9, 2013, Plaintiff Micheal Fresh ("Plaintiff") filed his Complaint [1] alleging that Ulmer and DDI (collectively, "Defendants") failed to pay him overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), § 7, 29 U.S.C. § 207. On March 9, 2015, Plaintiff, with leave from the Court, amended [22] his Complaint to add a defendant. That defendant, Restaurant Development, Inc. ("Restaurant Development"), was later dismissed from this action because it was not timely served with the Amended Complaint.

On September 3, 2015, the Court found [38] that Defendants had not complied with (1) Local Rule 16.4, (2) the Court's July 23, 2015, Order [34] requiring the parties to file a proposed consolidated pretrial order, (3) the Court's August 5, 2015, Order [36] requiring Defendants to show cause case why default judgment should not be entered against them, (4) and the Court's August 18, 2015, Order again requiring the parties to file a proposed consolidated pretrial order.  The Court found that Defendants had been given "ample opportunity" to file a proposed consolidated pretrial order and that their "flagrant" failure to do so warranted sanctions.  On September 3, 2015, as a result of Defendants' violations, the Court entered default against Defendants.

Six (6) months later, on March 9, 2016, Plaintiff filed his Motion for Default Judgment [44], seeking entry of judgment against Defendants for $23,850 in unpaid overtime wages, liquidated damages in the same amount, attorneys' fees, litigation expenses, and prejudgment interest.  On March 29, 2016, Ulmer, now proceeding *pro se*, filed his Response to Plaintiff's Motion for Default Judgment [46], requesting that the Court deny Plaintiff's motion and set aside the entry of default.[1]

---

[1] Until filing his Response to Plaintiff's Motion for Default Judgment, Ulmer was represented by counsel in this case.

On March 29, 2016, Ulmer filed his Motion for Summary Judgment, asserting that Plaintiff does not adequately plead that Defendants employed him, that an entity known as Worklife Financial actually employed him, and that Plaintiff was an "administrative employee" and thus exempt from FLSA's overtime requirements. On April 21, 2016, Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment [49], arguing that Ulmer's motion is untimely and fails to comply with the Local Rules of this Court.

On May 11, 2016, the Court considered [50] Plaintiff's Motion for Default Judgment, declined to set aside the entry of default, found that Plaintiff's Amended Complaint states an overtime claim under FLSA, and scheduled an evidentiary hearing to determine the amount of Plaintiff's damages.

On July 1, 2016, Ulmer filed his Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). In it, Ulmer argues that Restaurant Development employed Plaintiff and that Restaurant Development was not covered by FLSA during Plaintiff's employment because it did not have an annual gross volume of sales of at least $500,000. On July 6, 2016, DDI filed its Motion to Dismiss, adopting the arguments made in Ulmer's Motion to Dismiss.

On July 6, 2016, the Court held an evidentiary hearing on Plaintiff's Motion for Default Judgment. Plaintiff testified on the issue of whether he worked for

Defendants in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Ulmer informed the Court that DDI was a shell corporation, without assets, that no longer exists. Ulmer also stated that Defendants were not covered by FLSA during Plaintiff's employment because their enterprise did not have annual gross sales of at least $500,000. Ulmer stated further that Plaintiff worked for a Professional Employer Organization retained by a corporation that Ulmer owned. On July 8, 2016, the Court found that, in light of the information presented at the evidentiary hearing, a further hearing was necessary pursuant to Federal Rule of Civil Procedure 55(b)(2).

On September 7, 2016, the Court conducted its second evidentiary hearing on Plaintiff's Motion for Default Judgment. At the end of the hearing, the Court denied Plaintiff's default judgment motion because the Court was not satisfied that his allegations were, at that point, adequately supported by the evidence. The Court also granted Plaintiff's oral motion to dismiss DDI, which, as Plaintiff acknowledged, no longer exists and which was not Plaintiff's employer. The Court ordered Plaintiff and Ulmer to file a detailed discovery plan by September 14, 2016, and to complete all discovery by January 20, 2017.

## II. DISCUSSION

Ulmer's Motion for Summary Judgment is untimely.  Unless otherwise ordered by the court, motions for summary judgments must be filed "not later than thirty (30) days after the close of discovery, as established by the expiration of the original or extended discovery period."  LR 56.1(D), NDGa.  Discovery in this case closed on May 16, 2015.  ([23] at 2 ("All discovery shall be completed on or before May 15, 2015.")).  Without seeking permission from the Court, Ulmer filed his Motion for Summary Judgment on March 29, 2016, almost a year later.  Given the length of this unexplained delay, and the additional discovery that is forthcoming, Ulmer's Motion for Summary Judgment is denied.  See Enwonwu v. Fulton-Dekalb Hosp. Auth., 286 F. App'x 586, 595 (11th Cir. 2008) (per curiam) (affirming denial of motion for partial summary judgment, filed more than twenty (20) days after the close of discovery, as untimely under the Local Rules); Dedge v. Kendrick, 849 F.2d 1398, 1398 (11th Cir. 1988) (per curiam) (affirming denial of motion for summary judgment, filed more than one month late, as untimely); see also Enwonwu , 286 F. App'x at 595 ("District courts 'enjoy broad discretion in deciding how best to manage the cases before them,' and that discretion extends to whether to consider untimely motions for summary

judgment." (internal citations omitted) (quoting Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997))).[2]

Ulmer's Motion to Dismiss also is untimely.  Unless the court orders otherwise, Rule 12(b)(6) motions must be filed within 14 days of service of an amended complaint or within the time remaining to respond to the original complaint, whichever is later.  McCray v. Auburn Univ. Montgomery, No. 2:11-cv-714, 2011 WL 6140993, at *2 (M.D. Ala. Dec. 8, 2011); see Fed. R. Civ. P. 12(b), 12(h)(2)(A), 15(a)(3).  Plaintiff filed his Amended Complaint [22] on March 9, 2015.  Without seeking permission from the Court, Ulmer filed his Motion to Dismiss on July 1, 2016, more than a year and three (3) months later.  Given the length of this unexplained delay, Ulmer's Motion to Dismiss is denied.[3, 4]

---

[2] In violation of the Local Rules, Ulmer also fails to "include with [his] motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried."  LR 56.1(B)(1), NDGa.

[3] Under the Local Rules, motions to dismiss for failure to state a claim must be filed "within thirty (30) days after the beginning of discovery unless the filing party has obtained prior permission of the court to file later."  LR 7.1(A)(2), NDGa.  Discovery in this case began in mid-November 2014 and Ulmer did not obtain permission to file his Motion to Dismiss on July 1, 2016, more than a year and a half later.  (See [23] at 1).

[4] Because DDI is no longer a defendant in this case, its Motion to Dismiss is denied as moot.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant David Ulmer's Motion for Summary Judgment [47] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant David Ulmer's Motion to Dismiss [51] is **DENIED**.

**IT IS FURTHER ORDERED** that Diamond Development & Investments Inc.'s Motion to Dismiss [52] is **DENIED AS MOOT**.

**SO ORDERED** this 12th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE